NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0154n.06

Case No. 21-1563

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Apr 11, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| VINCENT HEGAR, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| RICHARD LUCAS, Officer, | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SILER, LARSEN, and MURPHY, Circuit Judges.

SILER, Circuit Judge. Vincent Hegar brought a 42 U.S.C. § 1983 action against Richard Lucas, a Corrections Officer at the prison where Hegar was an inmate. He alleged that Lucas failed to follow the prison's chain-of-custody procedures in the administration of his drug test. As a result, Hegar was found guilty of substance abuse, and his parole conditions were changed. Instead of being paroled directly to the community, as the parole board had previously decided, Hegar was required to commence his parole in a residential substance-abuse treatment program at the Detroit Reentry Center—a condition which Hegar maintained "was the equivalent of being confined in prison." Thus, Hegar argued that Lucas had violated his Eighth and Fourteenth Amendment rights.

On April 19, 2021, a magistrate judge issued a Report and Recommendation ("R&R") recommending that the district court grant summary judgment in Lucas's favor. The R&R included a notice to the parties that a failure to file objections within fourteen days of being served a copy of the R&R "constitutes a waiver of any further right of appeal." Since the parties were served a copy of the R&R that same day, any objections were due by May 3, 2021. On May 4, the district court observed that neither party had filed objections, and it adopted the R&R.

In our circuit, a failure to object to an R&R "results in a waiver of appeal on that issue as long as the magistrate judge informs the parties of the potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019). Here, the magistrate judge put the parties on notice of a potential waiver. Yet Hegar failed to object to the R&R. Thus, he waived his right to appeal.

We have declined to apply the waiver rule in limited circumstances when doing so promotes the "interests of justice." *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see, e.g.*, *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005). But Hegar contends only that the court should exercise jurisdiction over his appeal because the district court resolved his case on the merits rather than on the basis of waiver and because he believes he is likely to prevail in this appeal. These reasons do not warrant our disregard of the waiver rule. We accordingly **AFFIRM** the district court.